### W. H. GARRETSON v. S. R. DE POYSTER ET AL.

#### (No. 6224.)

APPEAL from Dallas County.   Opinion by WILLSON, J.

COBBLE & AVERY, counsel for appellants.

No counsel appeared for appellees.

§ **137.** *Chattel mortgage; contract of sale with reservation of title is a.*   De Poyster contracted in writing with Garretson for a safe, the terms of the contract being that the former would pay the latter $250 for the safe, the payment to be made in several instalments.   Said payments were to be made in Dallas, Dallas county, Texas, and it was stipulated that the safe, though delivered to De Poyster, should be and remain the property of Garretson until paid for in full.   In his petition, Garretson set forth the contract, alleging that the contract price of the safe had not been paid, and that said safe was in the possession of J. W. Jones, who claimed the same by purchase at a sale under attachment, the same having been sold as the property of De Poyster, and that said Jones purchased said safe with notice of the terms of said contract; and that said contract, prior to said purchase by Jones, had been duly registered in Palo Pinto county, the county in which De Poyster and Jones resided, and in which was said safe.   Garretson prayed for judgment against De Poyster for the purchase-money due on the safe, and for a foreclosure of his lien for said purchase-money upon said safe.   De Poyster did not answer, and judgment was rendered against him for the amount claimed in the petition.   Jones excepted generally and

specially to the petition. It was the opinion of the trial judge that the petition showed no valid lien or claim on the safe in the hands of Jones, and for this reason the exceptions to the petition were sustained, and the court adjudged that Garretson take nothing against Jones, etc. We are of opinion that the judgment sustaining the exceptions to the petition is erroneous. Under the statute of this state the contract in relation to the safe is a chattel mortgage, and by virtue thereof Garretson had a lien on the safe for the purchase-money thereof. [Sayles' Civil St., art. 3190a; Key v. Brown, 67 Tex. 300; 2 Civil Cas. Ct. App., § 497.] This lien followed the safe into the hands of Jones if he purchased with notice, either actual or constructive, of the existence of such lien. It was alleged in the petition that he purchased the safe with both actual and constructive notice of said lien. We think the petition alleges facts which show a valid lien upon the safe in the hands of the defendant Jones, and also facts which show that this suit was properly brought in Dallas county against both the defendants.

June 16, 1890.                Reversed and remanded.